IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RANDY DENSON, | : |
| | : |
| Plaintiff, | : |
| | : NO. 7:12-CV-0075-HL-TQL |
| VS. | : |
| | : |
| JONI B. PARKER and | : |
| ELIZABETH C CLEVELAND, | : |
| | : |
| Defendants. | : |

## ORDER OF DISMISSAL

Plaintiff Randy Denson, a prisoner at the Rutledge State Prison in Columbus, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). After having conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), the Court finds that Plaintiff's Complaint is frivolous and fails to state any claim upon which relief may be granted. Thus, leave to proceed *in forma pauperis* will be **GRANTED**, but only for the purpose of this dismissal. Plaintiff's Compliant shall be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

When reviewing a complaint under 28 U.S.C. § 1915A, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a district court may still dismiss a prisoner complaint

if it (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id. In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003); see also 28 U.S.C. § 1915A(b).

**STATEMENT AND ANALYSIS OF CLAIMS**

Plaintiff Randy Denson has filed this civil rights action against Lowndes County Magistrates Joni Parker and Elizabeth Cleveland for an alleged violation of his constitutional rights. This violation allegedly occurred after Plaintiff accused the district attorney of committing the "criminal offense . . . of theft by conversion," "conceal[ing] a record," and "present[ing] an altered and falsified

2

state's exhibit" to the jury during his state criminal trial. Plaintiff apparently submitted "three state warrant affidavits" to the Lowndes County Magistrate Court in an effort to bring criminal charges against the district attorney, but he was told, by the "Magistrate Court" that he would need to file a report with the local law enforcement agency before any criminal warrants can be issued. Though Plaintiff does not identify which Magistrate denied his request, he claims that the "Magistrate Court" violated his constitutional rights of access to the courts and his right to equal protection under the law when the Magistrate refused to file his warrant affidavits.

These allegations, even when considered in the light most favorable to Plaintiff, fail to state any cognizable constitutional claim. "[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U. S. Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987). Moreover, neither of the defendants are amenable to suit. State judges are absolutely immune in a § 1983 suit for damages for judicial acts done within the jurisdiction of the court. Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff, even when such acts are alleged to be malicious, in excess of jurisdiction or authority, procedurally or otherwise erroneous, or corrupt or done pursuant to bribe or conspiracy. Forrester v. White, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); Cleavinger v. Saxner, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

Plaintiff has failed to allege any facts suggesting that Defendants acted in the clear absence of all jurisdiction. In Georgia, the decision of whether or not to issue an arrest warrant is within the jurisdiction of the magistrate court, see O.C.G.A. § 15–10–2, and is thus an exercise of discretion for which a local magistrate is granted absolute judicial immunity. See Penaranda v. Cato, 740 F. Supp. 1578, 1581 (S.D. Ga. June 29, 1990) (local magistrate who issued arrest warrant based upon

citizen's complaint was acting within his jurisdiction under Georgia law and entitled to absolute judicial immunity).

For these reasons, the Court finds that Plaintiff's Complaint is frivolous and fails to state any claim upon which relief may be **GRANTED**. The present Complaint is accordingly **DISMISSED** pursuant to 29 U.S.C. §1915A(b)(1). Plaintiff's pending Motion for Appointment of Counsel [Doc. 5] is **MOOT**.

**SO ORDERED**, this 20th day of June, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

jlr